IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10009
_____


CALCOGEN CORP.; CALCOGEN METROPOLITAN CORP.;
CALCOGEN SAN LUIS OBISPO CORP.,

                                  Plaintiffs-Appellants,

v.

DRESSER INDUSTRIES INC.; DRESSER LEASING
CORP.; DRESSER FINANCE CORP.,

                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:89-CV-1939-X)
_____
December 11, 1995
Before KING, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     This is a breach of contract case arising out of
unsuccessful negotiations for the financing, construction and
operation of two cogeneration plants in California.  The case
went to trial in October 1994.  Several days after trial
commenced, the district court advised the plaintiffs of the
court's concern about the plaintiffs' ability to prove damages

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

and requested the plaintiffs to present all their evidence on damages. Following the presentation of that evidence, the district court granted the defendants' motion under Fed. R. Civ. P. 50 and dismissed the plaintiffs' claims. This appeal followed.

We review a grant of a Rule 50 motion de novo. Enlow v. Tishomingo County, 45 F.3d 885, 888 (5th Cir. 1995). Judgment as a matter of law is appropriate if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). In considering whether there was sufficient evidence for a jury, this court examines the evidence in the light most favorable to the non-movant and draws all reasonable inferences in that party's favor. Enlow, 45 F.3d at 888. If the facts and inferences point so strongly and overwhelmingly in favor of one party, such that reasonable persons could not arrive at a contrary verdict, the motion should be granted. Id. A mere scintilla of evidence is insufficient to present a question for the jury. Id.

The primary issue on appeal is whether there is sufficient evidence of the fact or amount of damages to justify a jury trial on the issue. The plaintiffs correctly argue that a plaintiff is not required to prove the amount of lost profits with perfect accuracy. The defendants agree. The defendants argue, however, that the threshold question is whether or not the plaintiffs have

presented sufficient evidence that the defendants' conduct actually resulted in a loss of profits.

Both parties agree that California law applies to this action.  Under California law, a party may recover lost profits only if it is certain that a profit would have been derived from the proposed undertaking.  S.C. Anderson, Inc. v. Bank of America, 30 Cal. Rptr. 2d 286, 289 (Cal. Ct. App. 1994).  In order to recover lost prospective profits, the plaintiff must present evidence that shows, "with reasonable certainty, both their occurrence and extent."  S.C. Anderson, 30 Cal. Rptr. 2d at 289.  The plaintiff must demonstrate with a reasonable probability that profits would have been earned but for the defendant's conduct.  Id.  California law creates a two step analysis for evaluating lost profit claims.  See GHK Assoc. v. Mayer Group, Inc., 274 Cal. Rptr. 168, 179 (Cal. Ct. App. 1990) (analyzing occurrence before discussing extent of lost profits).  First, a plaintiff must establish that the defendant's conduct actually resulted in a loss of profits.  This is proof of occurrence.  The second step entails quantifying the loss.  This is proof of extent.  The fact that damages have occurred requires certainty.  Id.  The amount of damages need not be calculated with the same precision.  Id.

This case foundered on the first step -- proof of occurrence.  In this case, that translates into proof that the plants would actually have been profitable if built.  The plaintiffs' evidence on damages consists of the commitment letter

3

dated April 24, 1984 (the "Commitment Letter"), entered into between Dresser Finance Corporation and Dresser Leasing Corporation, on the one hand, and Calcogen, Inc., on the other hand, and the defendants' income projections. According to the plaintiffs, the income projections are enough to raise a jury question as to whether the cogeneration plants would have been profitable. The district court was not persuaded, and nor are we. We look to California cases to see what kind of evidence has passed muster. In S.C. Anderson, the plaintiff was able to show that but for the defendant's actions, its low bid on a construction project would have been accepted. The plaintiff also presented evidence that it had made a 5% profit on its projects in the past. The court nevertheless held that the evidence was insufficient because the plaintiff presented no specific evidence that it would have made a profit on the specific project. S.C. Anderson, 30 Cal. Rptr. 2d at 290. The fact that the plaintiff failed to present evidence that the bid was accurate, or that the scope of the project would not increase costs, or that other factors would not lead to a reduction in its historical profits was fatal to the plaintiff's claim. Id.

Here, assuming arguendo that the plaintiffs were able to show that the plants would have been built, the plaintiffs are otherwise in the same position as the plaintiff in S.C. Anderson. The plaintiffs presented no evidence that they could in fact build the projects for the proposed cost, or that they would receive all the necessary permits. Even the core assumption of

4

the income projections had changed at the time of trial -- gas prices were much lower then than when the income projections were produced. There was simply no evidence that under the conditions prevailing at the time of trial, the plaintiffs could make a profit on the cogeneration plants.

The plaintiffs' fall-back position appears to be that the evidence raises a jury question on whether they would have received a $2.5 million payment regardless of construction. For evidence of that, they point to the Commitment Letter. But the defendants correctly point out that the Commitment Letter was only an agreement to provide construction financing (subject to certain conditions which were never satisfied). The paragraphs that the plaintiffs point to itemize the components of "the maximum amount of construction financing available under this commitment." That is a far cry from an agreement to pay those amounts.

In summary, reviewed _de novo_, the evidence failed to raise a jury issue on the fact of damages, and the Rule 50(a) motion was correctly granted.

AFFIRMED.